BEER, Judge.
On August 2, 1974, appellant, William LeBouef, executed a promissory note in the amount of $5,000, due October 31, 1974, in favor of appellee, First National Bank of Commerce (hereafter, “bank”), resulting in that sum being credited to the campaign fund account of a candidate for judicial office, which account was also with the bank. Not receiving payment of the note by the due date, the bank ultimately filed suit, seeking recovery of $5,000, plus interest and attorneys’ fees as provided for in the note. After trial, judgment was rendered in favor of the bank and against LeBouef in the sum of $5,000, with interest from August 2, 1974, plus twenty percent attorneys’ fees and all costs.
The trial court, in written reasons for judgment, made the basic factual determination that LeBouef intended to donate the $5,000 to the campaign fund of the candidate for judicial office and further found, as a fact, that LeBouef knew that the $5,000 was “to be transferred to the campaign fund,” that the deposit of those funds in that particular campaign account was “accomplished in accord with the intent of Mr. LeBouef,” and that such intent, thus acknowledged and acted upon by the bank, was “adequate consideration for the note.”
LeBouef suspensively appeals.
We find no manifest error in the factual conclusions of the trial court noted above.
On those facts, we address the issues raised by appellant as follows:
1. Did consideration flow to LeBouef? We must answer in the affirmative since the facts, as found by the trial court, evidence an intention on LeBouef’s part to donate $5,000 to the particular campaign fund involved.
2. Did LeBouef receive adequate compensation? Again, the answer must be in *886 the affirmative based upon the facts found by the trial court.
3. Was the transaction illegal? The so-called Election Campaign Finance Disclosure Act of 1975, as amended in 1976, was not in effect at the time of this transaction. LSA-R.S. 18:1482, et seq. and 18 U.S.C.A. Sec. 610 would, as vigorously urged by appellant’s able and tenacious counsel, apply under certain factual circumstances. However, the facts found by the trial court (which we find supported by the record and, thus, not manifestly erroneous) obviate the applicability of these statutory provisions. Appellant’s counsel urges that “the transaction was illegal and the bank knew it.” He contends that this was a “subtle scheme” which was devised “to avoid the detection of the illegality of the transaction” and warns us against prostituting the legal process to the point where persons who have engaged in illegal activity can flee to the courts for refuge. In oral argument, counsel refers not once but often to the contention that “this situation stinks” and admonishes us to “let the parties stew in their own juice.” However, on the facts found, there is no basis for concluding that the bank did anything other than that which LeBouef desired it to do.
It is possible that LeBouef was misled. But, on the facts found,[1] we see no basis upon which the misleading (if any there was) can be attributable to the bank.
Accordingly, the judgment of the Civil District Court for the Parish of Orleans must be affirmed at appellant’s cost.

AFFIRMED.

LEMMON, J., concurs and assigns reasons.

. No useful purpose is served by rehashing the testimony of the various witnesses. The trial judge made certain credibility and common sense determinations which are supported by the record and which, in turn, support the factual conclusions on which his decision is based.